Appellant's statement to Captain Adams was not the product of police coercion or inducement because it was "spontaneous and unsolicited." Therefore, regardless of appellant's mental condition, the statement was "voluntary" within the meaning of the Due Process Clause of the United States Constitution.Colorado v. Connelly, 479 U.S. 157, 107 S.Ct. 515,93 L.Ed.2d 473 (1986). A statement made by one who is insane is constitutionally "voluntary" unless it is the product of "coercive police activity." Connelly, 479 U.S. at 167, 170,107 S.Ct. at 522, 523.
Notwithstanding its "voluntariness," a confession made during a time of insanity may be "unreliable." Connelly,479 U.S. at 167, 107 S.Ct. at 521-22.
 "[T]he Constitution rightly leaves [the unreliability] inquiry to be resolved by state laws governing the admission of evidence and erects no standard of its own in this area. A statement rendered by one [who is insane] might be proved to be quite unreliable, but this is a matter to be governed by the evidentiary laws of the forum, and not by the Due Process Clause of the Fourteenth Amendment."
Id. (Emphasis added and Citation omitted.)
So far as I know, the appellate courts of Alabama have not, since Connelly, determined whether a confession made by one who is insane is inadmissible under Alabama law alone. I write separately to point out that, although the majority seems toassume the inadmissibility of a statement made by an insane person, that question still has not been decided in Alabama.